## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan

    v.                                          Civ. No. 24-cv-158-SE-AJ

State of New Hampshire
Secretary of State

### REPORT AND RECOMMENDATION

Pro se plaintiff Naseef Bryan, appearing in forma pauperis, filed a complaint (Doc. No. 1) and addendum (Doc. No. 3) against the State of New Hampshire and the New Hampshire Secretary of State. The complaint is before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). As explained more fully below this case should be dismissed because the court lacks subject matter jurisdiction.

### Standard of Review

The magistrate judge conducts a preliminary review of pleadings, like Mr. Bryan's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review,

the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## **Analysis**

Mr. Bryan's complaint contains no factual allegations regarding any actions taken against him by the State of New Hampshire or its Secretary of State.[1]  He asks this court to issue a writ of mandamus to compel the defendants to perform

---

[1] The complaint addendum, (Doc. No. 3) appears to be of little relevance. It consists of a series of legal definitions and references to the lending criteria of a bank that is not party to this litigation.

some unnamed actions that would correct a situation where he is "unable to perform basic functions that humans need." Compl. (Doc. No. 1) at 4.

Of more significance than the lack of any factual details – the "who, what when, where and how" described above – is that this court lacks jurisdiction to issue a Writ of Mandamus against the State of New Hampshire or any of its officials. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added). This case should therefore be dismissed, without prejudice to seeking relief in a court with appropriate jurisdiction.

## Conclusion

Based on the foregoing, the district judge should dismiss this action due to lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id.  (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.


_____
Andrea K. Johnstone
United States Magistrate Judge


June 17, 2024

cc:  Naseef Bryan, pro se